IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK FIELDS | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 13-114 |
| LA FITNESS INTERNATIONAL, LLC | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                                June 27, 2013

      Currently pending before the Court is Defendant LA Fitness International, LLC's Motion for Summary Judgment. For the following reasons, the Motion is granted.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

      On January 27, 2011, Plaintiff went to the LA Fitness sports club in Abington, Pennsylvania as a guest of his friend, Damion Smith. (Def.'s Mot. Summ. J., Ex. C., Deposition of Derrick Fields ("Fields Dep."), 16:15–21, April 18, 2013.) After stretching, Plaintiff and Mr. Smith went to the basketball court. (Id. at 19:3–10.) There were approximately 7–8 persons on the court that day, though Plaintiff did not recognize any of them. (Id. at 19:17–23.) The players on the court began "shooting around," and discussed a young, male African American player who was "really tall and lanky." (Id. at 20:20–21:10, 23:1–8.) The young man's father allegedly stated that the boy had just gone through a growth spurt and was only thirteen years old. (Id. at 21:5–7.) Plaintiff described the boy as being six feet tall and skinny. (Id. at 23:5–8.) During the game, the young player was guarding Plaintiff, though he was "sloppy all over the place" and Plaintiff "could tell he didn't know what he was doing." (Id. at 21:13–15.) About five or ten

minutes into the game, Plaintiff felt someone step on his heel and he fell to the ground.  (Id. at 21:16–21, 24:9–16.)  Plaintiff did not physically see the young player step on his heel, but claims the young player was the only one around him.  (Id. at 24:23–25:12.)  As a result of his heel being stepped on, Plaintiff suffered a ruptured Achilles tendon, for which he underwent subsequent surgery and rehabilitation.  (Id. at 29:23–30:1, 31:16–23, 32:5–11.)  No one was able to identify the young man who allegedly stepped on his heel, and Mr. Smith went back numerous times since Plaintiff's injury, but has not seen or spoken to the players who were present at the time of the incident.  (Def.'s Mot. Summ. J., Ex. D., Deposition of Damion Smith, 16:16–19, April 18, 2013.)  Defendant had a policy in place at the time of the incident not to allow children under the age of 14 into the gym.  (Pl.'s Resp. Opp'n Summ J., Ex. D., Deposition Testimony of Michele Warhust, 14:4–11, April 18, 2013.)

On December 14, 2012, Plaintiff filed suit in the Philadelphia County Court of Common Pleas, alleging one count of negligence against Defendant LA Fitness.  LA Fitness removed the case to the Eastern District of Pennsylvania on January 9, 2013.  Defendant then filed the instant Motion for Summary Judgment on May 8, 2013.  Plaintiff filed a Response in Opposition on May 22.  Defendant then filed a Reply brief on May 30, followed by a Sur-reply by Plaintiff on June 12.  The Court will now consider the merits of the Motion.

II.     STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  A factual dispute is "material" only if it might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For an issue to be "genuine," a reasonable fact-finder must be able to

return a verdict in favor of the non-moving party.  Id.

On summary judgment, the moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145–46 (3d Cir. 2004).  It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations.  Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermkts., Inc. v. Darling-Del. Co. Inc., 998 F.2d 1224, 1230 (3d Cir. 1993)).  Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).  If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.

Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims."  Id. at 325.  Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec., 475 U.S. at 586.  "[T]he non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322.  Moreover, the mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson, 477 U.S. at 249–50.

**III.   DISCUSSION**

Plaintiff claims that LA Fitness was negligent in failing to enforce their policy of refusing to allow children under the age of fourteen to use the gym, and that this negligence in turn led to the alleged thirteen year old boy causing Plaintiff's ruptured Achilles tendon.  In Pennsylvania, a plaintiff who brings a negligence claim must establish that the defendant owed the plaintiff a duty, that the duty was breached, that the breach caused the plaintiff's injury, and that the plaintiff suffered damages. Harris v. Merchant, No. Civ.A.09-1662, 2010 WL 3734107, at *7 (E.D. Pa. Sept. 23, 2010) (citing Merlini ex rel. Merlini v. Gallitzin Water Auth., 980 A.2d 502 (Pa. 2009)).

Defendant moves for summary judgment because he contends Plaintiff cannot prove that the youth was thirteen years old without resorting to inadmissible hearsay evidence, as the boy has not been found since the incident, and the only indication of his age was the statement of his father, who is also unavailable.  Thus, Defendant contends that Plaintiff cannot demonstrate that any alleged duty was breached.  The Court agrees.

As a general rule, declaration statements made based on hearsay statements by others should not be considered. Bouriez v. Carnegie Mellon Univ., No. Civ.A.02-2104, 2005 WL 2106582, at *9 (W.D. Pa. Aug. 26, 2005).  Only if the hearsay statements fall within one of the established exceptions to the hearsay rule may they be factored into a summary judgment

analysis. Id. In the current matter, Plaintiff attempts to use the statement of the youth's father describing the youth's age as thirteen under either the present sense impression (Fed. R. Evid. 803(1)) or excited utterance exception (Fed. R. Evid. 803(2)) to the hearsay rule.

The present sense impression exception allows hearsay testimony "describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). The boy's father's statement of his age cannot fall under the present sense impression exception, as it is not a contemporaneous perception of an observed condition. "The fundamental premise underlying the present sense impression exception 'is that substantial contemporaneity of event and statement minimizes unreliability due to [the declarant's] defective recollection or conscious fabrication.'" AAMCO Transmissions, Inc. v. Baker, 591 F. Supp. 2d 788, 796 (E.D. Pa. 2008) (citing United States v. Green, 541 F.3d 176, 180 (3d Cir. 2008)). The father's statement of his own son's age is not a contemporaneous statement of a condition. In other words, assuming the statement was true, the father was not contemporaneously perceiving his son's age—it is something he was well aware of before the statement was made. This is not the type of statement or observation the exception is meant to protect, as it does not afford the same degree of reliability.

Similarly, the statement does not fall under the excited utterance exception, which allows statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). The Third Circuit has outlined the requirements for this exception as requiring: "(i) a startling occasion; (ii) a statement relating to the circumstances of the startling occasion; (iii) a declarant who appears to have had opportunity to observe personally the events; and (iv) a statement made before there has been time to reflect and fabricate." United States v. Brown, 254 F.3d 454, 458 (3d Cir. 2001). The father's

statement of the boy's age cannot be considered an excited utterance because there is no startling occasion that would cause the father's statement to be made without reflection. A thirteen-year old boy being unusually tall is simply not a startling occasion under this exception to the hearsay rule.

Accordingly, because the father's statement does not fall under any exception to the hearsay rule,[1] and because this statement is the only indication of the boy's age, Plaintiff is unable to demonstrate through admissible evidence that the boy was under fourteen years of age. Without being able to do so, he cannot maintain his claim for negligence against LA Fitness.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. Because Plaintiff is unable to introduce non-hearsay evidence of the boy's age who allegedly caused the injury, they cannot demonstrate LA Fitness breached any alleged duty to keep children

---

[1] Plaintiff argues for the first time in a sur-reply brief that the statement is also subject to (1) the family history exception to the hearsay rule (Fed. R. Evid. 804(b)(4)), as well as (2) that it should be accepted because LA Fitness wrongfully caused the witness's unavailability (Fed. R. Evid. 804(b)(6)). Setting aside that the arguments are improperly raised for the first time in a sur-reply brief, the Court finds them unpersuasive. The father's alleged statement of his son's age is not the kind of inherently reliable statement supported by circumstantial guarantees of trustworthiness that the hearsay exceptions are designed to allow. Neither the father nor his son are available, and the only persons who allegedly saw and spoke to them are Plaintiff and Mr. Fields. Similarly, there is no indication that LA Fitness has wrongfully prevented the father or son from testifying in Court.
  Plaintiff also appears to suggest that his own and Mr. Field's statements (as opposed to that of the boy's father) regarding how tall the boy was and how surprised they were to learn he was only thirteen are exceptions to the hearsay rule under the present sense impression and excited utterance exceptions. Because the only person with actual knowledge of the boy's age was the father, however, Plaintiff cannot rely on his own or Mr. Field's statements.
  Finally, in a last attempt to introduce evidence of the boy's age, Plaintiff contends that his own and Mr. Fields' observation of their own lay testimony about how old they felt the boy was. By the very nature of Plaintiff and Mr. Field's testimony, however, the two were surprised to learn that the boy was only thirteen based on his unusual size. To then argue that they should be allowed to testify as to his age based on his appearance is untenable.

under the age of fourteen from using the facility. As a result, the claim against the gym for negligence fails.

An appropriate Order follows.